United States District Court
Northern District of California

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10    San Francisco Division

11

12

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, AND ITS JOINT BOARD OF TRUSTEES, et al., | Case No. 14-cv-03364-HSG (LB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT** |
| VENTURA FINISHING SYSTEMS, | Re: ECF No. 43 |
| Defendant. | |

**INTRODUCTION**

This is a case about delinquent contributions under collective bargaining and trust agreements. (Complaint, ECF No. 1.)[1] The plaintiffs, Bay Area Painters and Tapers Pension Fund, *et al.*, allege that the defendant, Ventura Finishing Systems, failed to make required payments. (*See generally id.*) Ventura Finishing answered the complaint, and then its counsel withdrew; Ventura Finishing thereafter failed to obtain new counsel on the timeline that the district judge ordered. (Answer, ECF No. 12; Order to Show Cause, ECF No. 34.) As a corporation, it could not represent itself. Thus, the district judge gave leave to Bay Area Painters to file the pending default-judgment motion. (Minute Order, ECF No. 38; Motion, ECF No. 43.) Ventura Finishing then obtained new

---

[1] Citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

1   counsel. (*See* Notice of Appearance, ECF No. 49.) The motion was referred to the undersigned for

2   a report and recommendation. (Order Referring Case, ECF No. 62.)

3       The court recommends that the district court exercise its discretion and deny the motion for

4   default judgment. First, the clerk never entered default, which—under the plain language of

5   Federal Rule of Civil Procedure 55— is a prerequisite for a default judgment under Rule 55(b)(2).

6   Second, Ventura is defending itself in the action and the disputes can be resolved on the merits.

7

8                                           **STATEMENT**

9       On July 24, 2014, the plaintiffs Bay Area Painters and Tapers Pension Trust Fund, *et al.* ("Bay

10  Area Painters"), sued the defendant Ventura Finishing Systems,[2] for unpaid contributions pursuant

11  to bargaining and trust agreements.[3] Ventura Finishing timely answered the complaint, denying

12  the allegations and asserting sixteen affirmative defenses.[4]

13      Early in the litigation, counsel for both parties attended an ADR phone conference, during

14  which Ventura Finishing's counsel informed Bay Area Painters' counsel that they would be filing

15  a motion to withdraw.[5] As a result, Bay Area Painters requested a ninety-day continuance of the

16  initial case management conference, which Judge White granted.[6] Ventura Finishing's counsel

17  subsequently filed a motion to withdraw.[7]

18      Judge White conditionally granted the motion on December 1, 2014.[8] He permitted withdrawal

19  provided that "documents pertaining to [the] action [would] continue to be served on [former

20  counsel]" until Ventura Finishing obtained new counsel.[9] Because Ventura Finishing is a

21  corporation and cannot appear without counsel, Judge White further ordered that it file a

22  substitution of attorney by February 13, 2015.[10] He advised "that if it [failed] to secure counsel by

23

---

24  [2] Complaint, ECF No. 1.
    [3] *Id.* ¶¶ 15-21.
25  [4] Answer, ECF No. 12.
    [5] Order to Continue Case Management Conference, ECF No. 20 at ¶¶ 2-4.
26  [6] *Id.* ¶ 6.
    [7] Motion to Withdraw, ECF No. 21.
27  [8] Order Granting Motion to Withdraw, ECF No. 24.
    [9] *Id.* at 1-2.
28  [10] *Id.* at 2.

United States District Court
Northern District of California

1  that date, the result could be that judgment [would] be entered against it."[11] Moreover, Judge

2  White ordered former counsel to "file a declaration that he [had] provided [Ventura Finishing]

3  with notice of [the] ruling by" December 12, 2014.[12]

4       The following relevant events ensued:

5

| Date | Event | Substitute Counsel Status |
|------|-------|---------------------------|
| 1/30/2015 | Case management conference continued for thirty days.[13] | Venturing Finishing had not yet obtained substitute counsel.[14] |
| 2/13/2015 | Case reassigned to Judge Gilliam.[15] | N/A. |
| 3/2/2015 | Case management statement filed.[16] | Ventura Finishing had not yet obtained substitute counsel.[17] |

11       As of March 13, 2015, one month after the deadline, Ventura Finishing had not filed a

12  substitution of counsel  and former counsel had not filed a declaration.[18] Judge Gilliam ordered

13  Ventura Finishing to show cause "as to why default judgment should not be issued against it for its

14  failure to" obtain new counsel.[19] Judge Gilliam ordered former counsel to show cause in writing

15  for its failure to file the ordered declaration and set a hearing for March 18, 2015.[20] Former

16  counsel filed the required declaration and appeared at the hearing/case management conference;

17  Ventura Finishing still had not obtained new counsel.[21] Judge Gilliam then allowed Bay Area

18  Painters "to file a motion for default judgment pursuant to Rule 55 by Wednesday, April 1,

19  2015."[22] This deadline was twice extended because of the parties' informal settlement discussions:

20  first to April 15, 2015, then to June 11, 2015.[23] Bay Area Painters then filed the motion.[24] New

21

22  [11] *Id.*
    [12] *Id.*
23  [13] Order Granting Motion to Continue Case Management Conference, ECF No. 27.
    [14] *Id.* ¶ 7.
24  [15] Case Reassigned (no ECF No. associated with this entry).
    [16] Case Management Statement, ECF No. 28.
25  [17] *Id.* ¶ 4.
    [18] Order to Show Cause, ECF No. 34 at 1.
26  [19] *Id.*
    [20] *Id.* at 1-2.
27  [21] Response to Order to Show Cause, ECF No. 36; 3/18/15 Minute Entry, ECF No. 38.
    [22] 3/18/15 Minute Entry.
28  [23] 3/26/15 Order, ECF No. 40; 4/13/15 Order, ECF No. 42.
    [24] Motion for Default Judgment, ECF No. 43.

United States District Court
Northern District of California

United States District Court
Northern District of California

counsel appeared on behalf of Ventura Finishing on June 25 and, after stipulated extensions, opposed the motion for default judgment on August 3, 2015, on the ground that it was defending the case.[25] Then, the parties continued to negotiate settlement. This table shows the timeline:

| Date | Event | Reason | New Hearing Date |
|------|-------|--------|------------------|
| 10/5/2015 | Stipulated order to continue the default judgment hearing.[26] | Ventura Finishing provided documents for Bay Area Painters' audit review "in furtherance of the parties' efforts to resolve [the] matter."[27] | December 10, 2015 |
| 10/26/2015 | Substitution of counsel for Ventura Finishing.[28] | N/A. | N/A. |
| 12/4/2015 | Stipulated order to continue the default judgment hearing.[29] | Ventura Finishing's cooperation in producing documents, Bay Area Painters' review thereof, and the parties' discussions regarding informal resolution.[30] | February 22, 2016 |
| 1/22/2016 | Stipulated order to continue the default judgment hearing.[31] | Audit of documents completed and the parties need additional time "to discuss the revised findings and attempt to reach an informal resolution of [the] matter."[32] | March 31, 2016 |
| 2/25/2016 | Revised proposed judgment on motion for default judgment.[33] | Reflects changes in the amount owed by defendant to plaintiffs, discovered as a result of the auditors' review of documents produced.[34] | N/A. |
| 3/11/2016 | Substitution of counsel for Ventura Finishing.[35] | N/A. | N/A. |

---

[25] Notice of Appearance, ECF No. 49; Response, ECF No. 55.
[26] 10/5/15 Stipulation and Order to Continue, ECF No. 68.
[27] *Id.* ¶ 4.
[28] 10/26/15 Notice of Change in Counsel, ECF No. 70.
[29] 12/4/15 Stipulation and Order to Continue, ECF No. 72.
[30] *Id.* ¶ 5-6.
[31] 1/22/16 Stipulation and Order to Continue, ECF No. 74.
[32] *Id.* ¶ 5.
[33] Proposed Order, Revised Proposed Judgment, ECF No. 78.
[34] *See generally* Revised Proposed Judgment; Stafford Decl., ECF No. 79, ¶¶ 4-5, 16.
[35] 3/9/16 Substitution of Counsel, ECF No. 81; Order Granting Motion to Substitute, ECF No. 85.

REPORT AND RECOMMENDATION (No. 14-cv-03364-HSG (LB))   4

United States District Court
Northern District of California

1    Following these events, Bay Area Painters filed a status report on March 24, 2016, one week

2    before the scheduled hearing,[36] stating that, despite its "attempts to reach an informal resolution of

3    [the] matter with [Ventura Finishing], the parties have been unable to resolve [the] matter

4    informally."[37] It thus asked the undersigned to address the pending default-judgment motion

5    without a hearing.[38] Ventura Finishing "has no objection to the motion being heard on the papers,

6    without oral argument,"[39] but said that it would "continue to meet and confer with [Bay Area

7    Painters] in an attempt to resolve any outstanding issues without judicial intervention."[40] The court

8    held a hearing on the motion on March 31, 2016.[41]

9

10                                      **GOVERNING LAW**

11    Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court

12    for—and the court may grant—a default judgment against a defendant who has failed to plead or

13    otherwise defend an action. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Rule 55

14    sets forth the procedures for entering default and default judgment. There are generally two steps.

15    First, a plaintiff must apply to the clerk of court to enter default when a defendant fails to plead or

16    otherwise defend an action. Fed. R. Civ. P. 55(a). Second, for sum-certain claims and at the

17    plaintiff's request, the clerk must enter default judgment against the defendant. *Id.* 55(b)(1). For all

18    other claims, the plaintiff must apply to the court for entry of default judgment. *Id.* 55(b)(2). "[A]

19    plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry

20    of default judgment." *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004).

21    A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.

22    *Draper*, 792 F.2d at 924-25. That decision lies within the court's discretion. *Pepsico, Inc. v. Cal.*

23    *Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Also, the district court has discretion to

24    set aside a default or a default judgment. Fed. R. Civ. P. 55(c), 60(b); *Brandt v. Am. Bankers Ins.*

25

26    [36] Plaintiffs' Status Report, ECF No. 86.
      [37] *Id.* ¶ 6.

27    [38] *Id.* ¶¶ 6-7.
      [39] Defendant's Status Report, ECF No. 87.

28    [40] *Id.*
      [41] 3/31/16 Minute Entry, ECF No. 89.

1    *of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). More specifically, under Rule 55(c), a court

2    may set aside an entry of default for "good cause." *See United States v. Signed Personal Check*

3    *No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). To determine whether

4    a defendant has shown good cause to justify vacating entry of default, a court considers three

5    factors: 1) whether the defendant engaged in culpable conduct that led to the default; 2) whether

6    the defendant lacked a meritorious defense; and 3) whether reopening the default would prejudice

7    the plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d

8    922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning the court may deny the request to

9    vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at

10   925). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme

11   circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v.*

12   *Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

13       The standard to set aside an entry of default is the same standard used to determine whether a

14   default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in

15   the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to

16   grant relief from entry of default because there is no interest in the finality of a judgment. *See id.*

17   at 1091 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.

18   2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v.*

19   *Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate

20   entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether

21   there is some possibility that the outcome of the suit after a full trial will be contrary to the result

22   achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513. The inquiry "is at

23   bottom an equitable one, taking account of all relevant circumstances surrounding the party's

24   omission." *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.,* 507

25   U.S. 380, 395 (1993)). The decision ultimately lies in the discretion of the court. *Id.* at 1111-12.

26       As the party seeking to set aside entry of default, a defendant bears the burden of showing

27   good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513-14. To ensure that

28

United States District Court
Northern District of California

1    cases are decided on the merits whenever possible, the court resolves any doubt regarding whether

2    to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

3

4                                            **ANALYSIS**

5    **1.   The clerk did not enter default under Rule 55**

6         The clerk did not enter default. (*See generally* Docket.) Although a court does have inherent

7    authority to sanction a party with default judgment, *see Televideo Systems, Inc. v. Heidenthal*, 826

8    F.2d 915, 917 (9th Cir. 1987), that is not what happened here. Instead, during a time when Ventura

9    Finishing was not represented (and thus could not defend itself), the district judge authorized Bay

10   Area Painters to seek a default judgment. Entry of default would have been procedurally

11   appropriate in March 2015 because Ventura Finishing was not represented and could not defend

12   itself pro se. It thus "failed . . . to otherwise defend." *See* Fed. R. Civ. P. 55(a). But the clerk's

13   entry of default is a prerequisite to a party's default judgment motion. *See id*. at 55(a) & (b)(2).

14   **2.   Discretion of the court to grant or deny**

15        If default were entered now to cure any procedural deficiency under Rule 55(a), or if entry

16   default can be construed from the prior proceedings, the undersigned recommends that the district

17   judge exercise discretion and set aside the default because Ventura Finishing is defending the case.

18        **2.1 Culpability**

19        The first question under Rule 55(c) is "whether [the defendant] engaged in culpable conduct

20   that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has

21   received actual or constructive notice of the filing of the action and *intentionally* failed to answer"

22   or otherwise defend the action. *Id.* at 1092 (quoting *TCI*, 244 F.3d at 697 (emphasis in original));

23   Fed. R. Civ. P. 55(a). From this point the analysis divides into two streams.

24        Where a party is not represented by counsel, and is itself legally unsophisticated, its default is

25   intentional only if it "acted with bad faith." *Mesle*, 615 F.3d at 1092 (quoting *TCI*, 244 F.3d at

26   697). Bad faith would include an "intention to take advantage of the opposing party, interfere with

27   judicial decision making, or otherwise manipulate the legal process." *Id.* (quoting *TCI*, 244 F.3d at

28   697). The Ninth Circuit has "typically held" that a defendant's conduct was culpable under this

United States District Court
Northern District of California

1    inquiry where the defendant's conduct can be explained only as a "devious, deliberate, willful, or

2    bad faith failure to respond." *Id.* (quoting *TCI*, 244 F.3d at 698).

3        Culpability under Rule 55(c) is more readily found where the defaulting defendant was legally

4    sophisticated or was represented by counsel. *See id.* at 1093. There is then no need to show that

5    the defendant acted in bad faith. *Id.* "When considering a legally sophisticated party's culpability

6    in a default, an understanding of the consequences of its actions may be assumed, and with it,

7    intentionality." *Id.* With notice of the lawsuit, in other words, a represented party who defaults is

8    culpable under Rule 55(c). *Id.*

9        Here, Ventura Finishing is a corporate entity intermittently represented by counsel. While

10   represented by counsel, Ventura Finishing answered the complaint.[42] After initial counsel

11   withdrew, Ventura Finishing twice failed to abide by the court's orders: first, it failed to file

12   substitution of counsel by February 13, 2015; second, it failed to show cause why default

13   judgment should not be entered against (which would have required appearing with counsel).[43]

14   But otherwise, Ventura Finishing has engaged in the litigation and manifested its intent to defend

15   the action. This intent is apparent in three different periods of the litigation.

16       First, Ventura Finishing filed an answer. Second, after the district judge authorized it to seek

17   default judgment, and before it filed its motion, it engaged in robust settlement discussions with

18   Bay Area.[44] Ventura Finishing contacted Bay Area Painters' counsel "to discuss the amounts

19   owed" and "the documents needed by [Bay Area Painters] to complete the audit of [Ventura

20   Finishing]'s payroll records. [Ventura Finishing] indicated [its] willingness to attempt to resolve

21   [the] matter without the need for further litigation."[45] Also, Ventura Finishing "retained new

22   counsel for purposes of facilitating potential settlement" who contacted Bay Area Painters'

23   counsel "on April 9, 2015 to discuss potential resolution of the matter without the need for further

24   litigation."[46] Ventura Finishing's counsel obtained the documents "necessary to complete the audit

25

26   _____

     [42] Answer.
27   [43] Order to Show Cause; 3/18/15 Minute Entry.
     [44] 3/26/15 Order Granting Extension of Time; 4/13/15 Order Granting Extension of Time.
28   [45] 3/26/15 Order Granting Extension of Time ¶ 3.
     [46] 4/13/15 Order Granting Extension of Time ¶ 4.

United States District Court
Northern District of California

1    of [Ventura Finishing]'s payroll records."[47] As a result of these discussions, the parties twice

2    agreed to extend the time to file the current motion.[48] Bay Area Painters then filed the motion on

3    June 11, 2015.[49]

4        Third, after the motion was filed, Ventura Finishing obtained new counsel on June 25, 2015,

5    which resulted in further discussions between the parties.[50] Ventura Finishing provided "a large

6    volume of documents to [Bay Area Painters] in furtherance of the parties' efforts to resolve [the]

7    matter."[51] These documents were related to Bay Area Painters' audit of Ventura Finishing's

8    payroll records.[52] Because of the large number of documents produced, Bay Area Painters' audit

9    required additional time.[53] Because Ventura Finishing "cooperated by providing the requested

10   documents," and once the audit was complete, the parties needed an opportunity to "attempt to

11   reach an informal resolution of [the] matter."[54] As a result of this cooperation and review, the

12   parties stipulated to three continuances of the hearing on the default-judgment motion.[55] The

13   parties continue to work collaboratively toward resolution with Ventura Finishing's new counsel,

14   who substituted into the case earlier this month.[56] Indeed, at the hearing, the parties agreed to a

15   further status conference in May because they continue to work together toward resolution.[57]

16       The court can choose to set aside a default. "A district court may exercise its discretion to deny

17   relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need

18   not." *Brandt*, 653 F.3d at 1112. The Ninth Circuit has explained that, even where a defendant has

19   acted culpably in defaulting, a court deciding a Rule 55(c) motion must consider all three factors

20   (culpability, meritorious defense, and prejudice), "taking account of all relevant circumstances

21

22

United States District Court
Northern District of California

---

23   [47] *Id.*

24   [48] 3/26/15 Order Granting Extension of Time; 4/13/15 Order Granting Extension of Time.
     [49] Motion.

25   [50] Notice of Appearance, ECF No. 49.
     [51] 10/5/15 Stipulation and Order to Continue ¶ 4.

26   [52] *Id.*
     [53] 12/4/15 Stipulation and Order to Continue ¶¶ 5-6.

27   [54] *Id.* ¶ 6; 1/22/16 Stipulation and Order to Continue ¶ 5.
     [55] 10/5/15 Stipulation and Order; 12/4/15 Stipulation and Order; 1/22/16 Stipulation and Order.

28   [56] ECF Nos. 81, 85.
     [57] 3/31/2016 Minute Entry.

1    surrounding the party's omission," in view of the law's strong preference for trying cases on their

2    merits. *See id.* at 1111-12.

3        The court's view is that the default-judgment process arose only because Ventura Finishing

4    did not then have counsel. Fairly soon after the district judge authorized Bay Area Painters to seek

5    default judgment, Ventura Finishing obtained counsel and thereafter participated in the litigation

6    and continues to defend the action. This is not the ordinary context for a default judgment, and the

7    court does not think default judgment is appropriate on this record.

8        **2.2 Meritorious defense**

9        With respect to the second factor — whether the defendant lacked a meritorious defense — a

10   defendant must allege "specific facts" that, if true, would constitute a defense. *See Mesle*, 615 F.3d

11   at 1094 (citing *TCI Group*, 244 F.3d at 700). Although in this regard the burden on the defendant

12   is "not extraordinarily heavy," *id.* (citing *TCI Group*, 244 F.3d at 700), "[a] 'mere general denial

13   without facts to support it' is not enough to justify vacating a default or default judgment,"

14   *Franchise Holdings II*, 375 F.3d at 926.

15       Here, Ventura Finishing generally asserted in its answer that it lacked sufficient information or

16   knowledge to admit the allegations alleged in the complaint.[58] It also asserted sixteen affirmative

17   defenses.[59] In its opposition to the current motion, moreover, Ventura Finishing addresses certain

18   deficiencies in Bay Area Painters' complaint and supporting evidence.[60] For example, according to

19   Ventura Finishing, the complaint fails to address additional agreements on which the claims rely.[61]

20   Ventura Finishing also argues that the complaint inadequately establishes the calculations used to

21   support the claimed delinquent contributions.[62] In sum, Ventura Finishing "disputes the scope of

22   the proposed judgment and disputes that [Bay Area Painters] have substantiated their proposed

23   judgment amount."[63] Ventura Finishing has thus raised specific facts—*i.e.* substantiation of

24

25

---

26   [58] Answer, ¶¶ 1-21.
     [59] *Id.* at 5-7.
27   [60] Opposition at 10-16.
     [61] *Id.* at 11-13,
28   [62] *Id.* at 13-14.
     [63] *Id.* at 16.

United States District Court
Northern District of California

1   claims—that if true, would constitute a defense. As such, this factor weighs against granting

2   default judgment.

3       **2.3 Unfair prejudice**

4       Bay Area Painters argue that it will be prejudiced if default judgment is not granted.[64]

5   Asserting that its claims are "sound and well [pled]," Bay Area Painters argues further delay "in

6   securing judgment only serves to increase the chances that [it] will not be able to recover the

7   amounts due by [Ventura Finishing]."[65] In essence, Bay Area Painters argues that continued delay

8   will cause it prejudice.

9       The record, however, shows that the only reason default-judgment proceedings have continued

10  this long is because the parties requested multiple extensions. First, the parties twice extended the

11  time for Bay Area Painters to file the motion to allow document production, an audit, and

12  settlement discussions.[66] Second, the parties extended the motion hearing three times to allow

13  Ventura Finishing to finish its document production and Bay Area Painters to conduct its audit.[67]

14  The delay so far cannot be prejudicial; Bay Area Painters asked for the extensions and ultimately

15  obtained the information it needed to prove up its damages. Moreover, it does not seem prejudicial

16  to now require Bay Area Painters to litigate the matter through ordinary channels after working

17  cooperatively with Ventura Finishing to obtain the documents and attempt informal resolution of

18  the case.

19      This conclusion is supported by the legal context for default judgments; the law urges courts,

20  "whenever possible," to try cases on their merits, and the court's final obligation is to consider "all

21  relevant circumstances" and then do equity. *See Mesle*, 615 F.3d at 1091 (merits); *Brandt*, 653

22  F.3d at 1111 (equity); *Pioneer Investment*, 507 U.S. at 395 (same); *Eitel v. McCool*, 782 F.2d

23  1470, 1472 (9th Cir. 1986) (default judgments generally are disfavored because "[c]ases should be

24  decided on their merits whenever reasonably possible"). Indeed, under the *Eitel* factors, default

25

26  ———————————————

    [64] Motion at 15.

27  [65] *Id.*; *accord* Reply, ECF No. 61 at 7.

    [66] 3/26/15 Order Granting Extension of Time; 4/13/15 Order Granting Extension of Time.

28  [67] 10/5/15 Stipulation and Order to Continue; 12/4/15 Stipulation and Order to Continue; 1/22/16 Stipulation and Order to Continue.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    judgment is not appropriate for reasons that include an analysis of the prejudice to the plaintiff (in

2    the form of a delay to date with its acquiescence and the ability now to litigate the merits of its

3    claims), the parties' apparent dispute about (at least some) material facts, a default attributable to

4    excusable neglect in the form of a corporation's delay in obtaining counsel (and its inability to

5    defend itself without counsel), and "the strong policy underlying the Federal Rules of Civil

6    Procedure favoring decisions on the merits." 782 F.2d at 1471-72.

7

8                                    **CONCLUSION**

9          The court recommends that the district judge deny default judgment because the clerk never

10   entered default (a prerequisite for a default judgment under Federal Rule of Civil Procedure 55)

11   and even if it had, Ventura Finishing is defending itself in the action, and the disputes can be

12   resolved on the merits. The court sets a further case-management conference for May 5, 2016, at

13   11 a.m. to discuss the parties' ongoing negotiations (probably in furtherance of a stipulated

14   judgment). The parties must file a short joint update by April 28, 2016.

15         Any party may file objections to this report and recommendation with the district judge within

16   fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

17   N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in

18   the district court.

19         **IT IS SO ORDERED.**

20         Dated:  March 31, 2016

21                                                        _____
                                                          LAUREL BEELER
22                                                        United States Magistrate Judge

23

24

25

26

27

28